IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMY SERAFINI, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHWEST AIRLINES CO. <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> §    Case No. _____ <br> § <br> § <br> § <br> § |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Southwest Airlines Co. ("Southwest"), through the undersigned counsel, hereby removes the state court action entitled *Serafini v. Southwest Airlines Co.*, No. DC-20-04722, filed in the District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  This case is properly removable—complete diversity of citizenship exists, the amount in controversy exceeds $75,000 and plaintiff has not served Southwest, a forum-state defendant.  As a short and plain statement of the grounds for removal, Southwest states the following:

1. This action involves a personal injury claim arising out of an incident on Southwest Airlines flight 1380 on April 17, 2018.

2. On March 23, 2020, plaintiff filed a complaint against Southwest in the 68th District Court of Dallas County, Texas, as case number DC-20-04722.  A copy of the complaint is attached hereto as <u>Exhibit A-1</u>.  As of the time of the filing of this Notice of Removal, plaintiff had not served the complaint on Southwest.

3. No further proceedings have been had in the state court action.

4. Under 28 U.S.C. § 1446(a) and Local Civil Rule 81.1(a)(4), copies of the following documents are attached to this Notice of Removal:

> **Exhibit A:** Index of documents filed with Defendant's Notice of Removal and copies of each document filed in the State Court Action:
> **Exhibit A-1:** Plaintiff's Original Petition
> **Exhibit B:** A copy of the docket sheet in the State Court Action (to be filed)[1]; and
> **Exhibit C:** Southwest's Certificate of Interested Persons

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

5. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and it is a civil action between citizens of different states.

### A. The Amount in Controversy Exceeds $75,000

6. Under 28 U.S.C. § 1446(c)(2)(A)(ii), Southwest hereby asserts that the amount in controversy in this matter exceeds $75,000, exclusive of interests in costs. Southwest makes this assertion in good faith in light of the injuries for which plaintiff seeks to recover.[2] Plaintiff seeks recovery for multiple alleged injuries. And in each count of the complaint, plaintiff seeks damages in excess of $1,000,000 dollars alleging personal injury arising from the uncontained

---

[1] At this time, the Dallas County Clerk's office is closed for walk up service making it impossible for Defendant to obtain a certified copy of the state court docket. Under these circumstances, Defendant has attached a copy of the case docket as printed from the Dallas County, Texas Courts Portal.

[2] *See* Paragraph 30 of Plaintiff's Original Petition alleging damages in excess of $1,000,000.00.

engine failure of Defendant's Flight 1380 on April 17, 2018.  It is therefore apparent from the face of the complaint that more than $75,000 is in controversy here.[3]

7.	Where a plaintiff fails to allege a specific amount in controversy, a defendant need only make a good faith estimate of the amount in controversy.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").  Thus, based on plaintiff's allegations of personal injuries and other damages, Southwest alleges in good faith that the amount in controversy exceeds the jurisdictional minimum.  *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (removing defendant may satisfy amount-in-controversy requirement by showing amount is "facially apparent" from complaint).

### B. There is Complete Diversity of Citizenship

8.	There is complete diversity of citizenship between plaintiff and defendants.

9.	Plaintiff is citizen and resident of Alabama.

10.	For diversity jurisdiction purposes, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

---

[3]	Southwest not does not concede that plaintiff is entitled to recover more than $75,000 and denies that plaintiff is entitled to recover any damages.

11. Southwest is a Texas corporation with its principal place of business in Texas. Thus, for diversity purposes, Southwest is a citizen of Texas.

12. Because plaintiff is neither a citizen of a foreign country nor a citizen of Texas, there is complete diversity.

13. Although Southwest is a citizen of Texas, the state in which this action was brought, plaintiff had not served it as of the time of filing this Notice of Removal. Thus, pursuant to 28 U.S.C. § 1441(b) and applicable case law, the case is properly removable. *See* 28 U.S.C. § 1441(b)(2) (the forum defendant rule only prohibits removal if the plaintiff has "properly joined and served" a forum state defendant); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018) (holding that a forum state defendant, which was the sole defendant in the case, properly removed action to federal court before plaintiff served it with complaint); *see also Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019) ("Put simply, the result here – that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship – is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair"); *Encompass*, 902 F.3d at 152–54 (3d Cir. 2018) (holding that the "plain meaning [of section 1441(b)(2)] precludes removal on the basis of in-state citizenship ***only*** when the defendant has been properly joined and served" and that removal prior to service of the forum defendant "is not so outlandish as to constitute an absurd or bizarre result" (emphasis added)); *Perez v. ZTE (USA), Inc.*, No. 3:18-CV-2948-B, 2019 WL 1429654, at *4 (N.D. Tex. Mar. 29, 2019) (holding that § 1441(b)(2) permitted removal and denying motion to remand despite presence of unserved forum state defendant); *Carrs v. AVCO Corp.*, No. 3:11-CV-3423-L, 2012 WL 1945629, at *3 (N.D. Tex. May 30, 2012) (denying motion to remand because "there was no Texas defendant properly

joined and served at the time [defendant] removed this action to federal court"); *El-Issa v. Vehicle*, No. 4:19-CV-0984, 2019 WL 8128255, at *2 (S.D. Tex. July 18, 2019) (removal proper where three forum defendants were unserved); *Putnam v. Coleman*, No. 4:18-CV-0765, 2018 WL 4103233, at *2 (S.D. Tex. May 31, 2018) (denying remand where case properly removed and forum defendant remained unserved); *Superior Home Health Servs., LLC v. Philadelphia Indem. Ins. Co.*, No. 1:17-CV-00195, 2017 WL 11238061, at *4 (S.D. Tex. Nov. 28, 2017) (removal complied with plain text of § 1441(b)(2) despite presence of unserved forum defendant); *Donnelly v. Nissan Motor Co.*, No. 5:19-CV-0882-JKP, 2019 WL 6340153, at *5 (W.D. Tex. Nov. 26, 2019) (same); *Reynolds v. Pers. Representative of the Estate of Johnson*, 139 F. Supp. 3d 838, 842 (W.D. Tex. 2015) (denying motion to remand because "an otherwise proper removal is . . . not rendered defective by the presence of a forum defendant in the action who had not been served at the time of removal").

## II. SOUTHWEST HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Removal is Timely

14. Pursuant to 28 U.S.C. § 1446(b), a defendant may remove an action within thirty days after receipt of a copy of the complaint through service or otherwise. Plaintiff filed the State Court Action March 23, 2020. See Exhibit A-1. Plaintiff has not yet served Southwest. As a result, this Notice of Removal is timely.

  **B.**  **This is the Proper Venue**

  15. The United States District Court for the Northern District of Texas embraces the county in which the state court action is now pending.  Therefore, this action is properly removed to the Northern District of Texas pursuant to 28 U.S.C. §§ 93(a) and 1441(a).

  **C.**  **All Other Procedural Requirements Have Been Met**

  16. Pursuant to 28 U.S.C. § 1446(d), Southwest will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending.  Southwest will also serve written notice of the filing of this Notice of Removal on counsel for plaintiff.

**III.** **Jury Trial Has Been Demanded**

  17. Plaintiff has demanded a jury trial in the State Court Action.

  WHEREFORE, Southwest respectfully removes this action from the 68th District Court of Dallas County, Texas, bearing Number DC-20-04722 , to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: March 24, 2020                                  Respectfully submitted,

*/s/Gregory W. Carboy*
Gregory W. Carboy
State Bar No. 00783788


COWLES & THOMPSON
Bank of American Plaza
901 Main Street, Suite 3900
Dallas, Texas 75202
Tel.: 214-672-2000
Fax: 214-672-2020
gcarboy@cowlesthompson.com

*Attorney for Southwest Airlines Co.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Notice of Removal has been sent by Certified Mail, Return Receipt Requested and Electronic Mail on March 24, 2020, to the following counsel of record:

Ladd Sanger
Slack Davis & Sanger LLP
3500 Maple Ave., Ste. 3500
Dallas, TX 75219

/s/ Gregory W. Carboy
Gregory W. Carboy

1586450.1