# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMY SERAFINI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. _____ |
| SOUTHWEST AIRLINES CO. | § § § | |
| Defendant. | § § § | |

**INDEX OF STATE COURT PLEADINGS AND FILING DATES**

1. Plaintiff's Original Petition – March 23, 2020

1586451.1

# EXHIBIT A-1

JURY DEMAND

Case 3:20-cv-00712-X   Document 1-1   Filed 03/24/20   Page 3 of 14   PageID 11

FILED
3/23/2020 3:07 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

CAUSE NO. DC-20-04722 _____

| | | |
|---|---|---|
| AMY SERAFINI, Individually, | § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | DALLAS COUNTY, TEXAS \ |
| SOUTHWEST AIRLINES CO.; | § § | |
| Defendants. | § | \_\_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AMY SERAFINI, Individually, Plaintiff herein, complaining of SOUTHWEST AIRLINES CO, Defendant herein, and for cause of action would show unto the Court the following:

**DISCOVERY CONTROL PLAN**

1.  Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to proceed with discovery under Level 3 as set forth in Rule 190.4.

**CLAIM FOR RELIEF**

2.  Plaintiff seeks monetary relief over of more than $1,000,000.00.

**REQUEST FOR DISCLOSURE**

3.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information or material described in Rule 194.2.

**PARTIES AND SERVICE OF PROCESS**

4.  Plaintiff, AMY SERAFINI, is an individual residing in and a citizen of Auburn County, Alabama.

5. Defendant SOUTHWEST AIRLINES CO. (hereinafter "SOUTHWEST") is a corporation organized and existing under the laws of Texas with a principal place of business located at 2702 Love Field Drive, HDQ6TX, Dallas, Texas 75235 and may be served with process by serving its agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## VENUE AND JURISDICTION

6. Venue is proper in Dallas County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) AND (3) since all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County and Defendant Southwest's principal places of business is in Dallas County, Texas.

## ASSUMED AND COMMON NAMES

7. Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff hereby gives Defendant notice that it is being sued in all of its business or common names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, and private corporations. In addition to the assumed, common or business names stated elsewhere in this petition, Defendant is known to have used or done business under the following assumed names which include: Southwest Airlines and Southwest.

## FACTUAL BACKGROUND

8. On April 17, 2018, Southwest Airlines Flight 1380 ("Flight 1380") departed from New York-LaGuardia Airport with an intended destination of Dallas, Texas.

9. Shortly after lift-off, the passengers heard a loud bang as if something on the aircraft had exploded, or as if the aircraft had collided with something in midair.

10. The left engine of the aircraft sustained a catastrophic failure, self-destructed and projected metal fragments at high velocity against the fuselage and shattered a window of the aircraft.

11. Instantly, the window collapsed resulting in explosive and violent decompression of the aircraft cabin.

12. The passenger nearest the window was sucked into the opening created by the shattered window and became lodged there.

13. The passengers experienced the aircraft begin to fall and roll as the oxygen masks were deployed.

14. Debris was flying throughout the cabin, there was the smell of something burning, and passengers experienced extreme pain in their ears.

15. During the excoriating moments following the explosion, the Plaintiff endured the horrific fear of a plane crash – suddenly and unexpectedly they were facing death.

16. The engine failure caused the death of the passenger who was sucked into the window, and caused egregious damages to other passengers, including Plaintiff.

17. As a direct result of the frightful, death threatening Flight 1380 incident, Plaintiff suffered severe mental, emotional and psychological injuries, including post-traumatic stress disorder and physical injuries.

18. At all relevant times, Defendant Southwest was a common carrier engaged in the business of transporting paying passengers by air.

### CAUSES OF ACTION AGAINST DEFENDANT SOUTHWEST AIRLINES CO.

19. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

20. As a common carrier airline transporting passengers for a fee, Defendant Southwest had a duty to provide the highest degree of care for its passengers, whose lives were at risk.

21. Defendant Southwest had a duty to reasonably monitor, inspect, test, service, maintain and repair the Aircraft and the Engine to keep its aircraft reasonably safe for its passengers, or to remove from service aircraft that were not reasonably safe.

22. Defendant Southwest negligently failed in its duty to provide the highest degree of care for its passengers whose lives were at risk; and further failed in its duty to provide even a reasonable degree of care for its passengers.

23. Defendant Southwest negligently failed to reasonably monitor, inspect, test, service, maintain and repair the Aircraft and the Engine to keep its aircraft reasonably safe for its passengers, and to remove from service aircraft that were not reasonably safe.

24. Defendant Southwest negligence was the direct and proximate cause of the engine failure and the resulting injuries and damages suffered by Plaintiff.

25. As a common carrier airline transporting passengers for a fee, Defendant Southwest contracted with its passengers, including Plaintiff, to provide air transportation with aircraft that are reasonably safe for its passengers.

26. Pursuant to its contractual obligations, including express and implied warranties, Defendant Southwest had a duty to reasonably monitor, inspect, test, service, maintain and repair the Aircraft and Engine to keep its aircraft reasonably safe for its passengers, and to remove from service aircraft that were not reasonably safe.

27. Defendant Southwest failed to perform pursuant to its contractual obligations, including express and implied warranties, to reasonably monitor, inspect, test, service, maintain and repair

the Aircraft and the Engine to keep its aircraft reasonably safe for its passengers, and to remove from service aircraft that were not reasonably safe.

28. Defendant Southwest's negligence and breach of contract were the direct and proximate cause of the engine failure and the resulting injuries and damages suffered by Plaintiff.

## DAMAGES

29. Plaintiffs seek all damages recoverable under Texas Law including personal injury damages including past and future physical pain and mental anguish, loss of earning capacity, past lost earnings, disfigurement, physical impairment, and past and future medical expenses.

30. Pursuant to TEX. R. CIV. P. 47(b) Plaintiffs are seeking monetary relief over $1,000,000 and such other relief to which they are entitled.

## XI.
## CONDITIONS PRECEDENT

1. All conditions precedent to Plaintiff's right to recover herein have been performed or have occurred.

## XII.
## PREJUDGMENT INTEREST

2. Plaintiff claims interest at the maximum legal rate on damages suffered as a result of the Defendants' conduct.

## XIII.
## JURY DEMAND

3. Plaintiff respectfully requests a jury trial.

## XIV.
## PRAYER

4. Plaintiff respectfully prays that they have and recover a judgment of and from the Defendant for her damages, with all costs of court, prejudgment interest at the maximum legal

rate, post-judgment interest at the maximum legal rate, and all other relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled.

        Respectfully submitted,

        **SLACK DAVIS SANGER LLP**

        Ladd C. Sanger
        Texas State Bar No. 00797378
        3500 Maple Avenue, Suite 3500
        Dallas, Texas 75219
        Telephone:  (214) 528-8686
        Telecopier:  (214) 528-6989
        lsanger@slackdavis.com

        /s/ Ladd C. Sanger
        **LADD C. SANGER**
        **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT B

Case Docket as printed from the Dallas County, Texas Courts Portal On March 24, 2020

1586451.1

Details	https://courtsportal.dallascounty.org/DALLASPROD/Home/Work...

Case 3:20-cv-00712-X   Document 1-1   Filed 03/24/20   Page 10 of 14   PageID 18

## Case Information

DC-20-04722 | AMY SERAFINI vs. SOUTHWEST AIRLINES CO.

| | | |
|---|---|---|
| Case Number<br>DC-20-04722 | Court<br>68th District Court | Judicial Officer<br>HOFFMAN, MARTIN |
| File Date<br>03/23/2020 | Case Type<br>OTHER PERSONAL INJURY | Case Status<br>OPEN |

## Party

PLAINTIFF
SERAFINI, AMY

Active Attorneys ▼
Lead Attorney
SANGER, LADD
Retained

DEFENDANT
SOUTHWEST AIRLINES CO.

Address
BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

## Events and Hearings

03/23/2020 NEW CASE FILED (OCA) - CIVIL

03/23/2020 ORIGINAL PETITION ▼

ORIGINAL PETITION

Details  
https://courtsportal.dallascounty.org/DALLASPROD/Home/Work...

Case 3:20-cv-00712-X   Document 1-1   Filed 03/24/20   Page 11 of 14   PageID 19

## Financial

SERAFINI, AMY

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $332.00 |
| Total Payments and Credits | | | | $332.00 |
| 3/24/2020 | Transaction Assessment | | | $332.00 |
| 3/24/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 20245-2020-DCLK | SERAFINI, AMY | ($332.00) |

## Documents

| ORIGINAL PETITION |
|---|

2 of 2
3/24/20, 1:53 PM

# EXHIBIT C

Defendant's Certificate of Interested Persons

1586451.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AMY SERAFINI** | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| **SOUTHWEST AIRLINES CO.** | § | |
|     Defendant. | § | |

**DEFENDANT SOUTHWEST AIRLINES CO.'S
CERTIFICATE OF INTERESTED PERSONS**

    Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Southwest Airlines Co. provides the following information:

    Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Defendant Southwest Airlines Co. certifies that the nongovernmental corporate party Southwest Airlines Co. is a publicly traded entity and is traded on the NYSE (LUV). PRIMECAP Management Company has filed a Form 13G with the Securities and Exchange Commission stating that it beneficially owns more than 10% of the shares of Southwest Airlines Co. In addition, a group consisting of Warren Buffett, Berkshire Hathaway Inc., National Indemnity Company, GEICO Corporation, Government Employees Insurance Company, MedPro Group, Inc., Medical Protective Company, Buffalo News Drivers/Distributors Pension Plan, Berkshire Hathaway Consolidated Pension Plan Master Retirement Trust, and Precision Castparts Corp. Master Trust, has also filed a Form 13G with the Securities and Exchange Commission stating that it beneficially owns more than 10% of the shares of Southwest Airlines Co. Defendant Southwest Airlines Co. has no parent corporation, no other entity has reported holdings of over 10%, and there is not any other entity related to, or affiliated with Southwest Airlines Co. that has a financial interest in the outcome of the claims asserted against it in this case.

Respectfully submitted,

By:     */s/ Gregory W. Carboy*
        **GREGORY W. CARBOY**
        Texas Bar No. 00783788

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2169 (Tel)
(214) 672-2369 (Fax)
E-mail: gcarboy@cowlesthompson.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 24th day of March, 2020, a true and correct copy of Defendant's Notice of Removal, was electronically filed with the Clerk of the Court using the CM/ECF system and was delivered to the counsel of record listed below via Certified Mail Return Receipt Requested:

*Via CM/RRR No. 70172400000065705536*
Ladd Sanger
Slack Davis & Sanger
3500 Maple Avenue, Suite 3500
Dallas, TX 75219

                                         */s/ Gregory W. Carboy*
                                        **GREGORY W. CARBOY**

Page 2 of 2
1495632