UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMY SERAFINI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-00712-X |
| | § | |
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Amy Serafini filed a state-court petition against Southwest Airlines Co. in Dallas County. She alleges that Southwest negligently breached several duties related to Southwest Airlines Flight 1380's engine-failure incident in April 2018. Before being served, Southwest removed to this Court—a litigation tactic commonly referred to as "snap removal." In other words, Southwest wanted to get away.

Wanting a return flight, Serafini moved to remand. There is no question this Court has jurisdiction—the parties' citizenships are diverse, and the amount-in-controversy is greater than $75,000. But Serafini does not raise a jurisdictional question—she raises a procedural one. She questions whether Southwest's snap removal is proper because Southwest is the sole defendant and a forum defendant.[1]

---

[1] Serafini also questions whether Southwest complied with the Court's removal requirements "in that it could not obtain a certified copy of the state court docket because 'the Dallas County Clerk's office [was] closed for walk up service.'" Plaintiff Amy Serafini's Opposed Motion to Remand and Brief in Support, at 2 [Doc. No. 5] (quoting Defendant Southwest Company Co.'s Notice of Removal ¶ 4, n.1). In its response, Southwest explained that when it filed its notice of removal, "the Dallas County Clerk's office was closed for walk-up service due to the COVID-19 crisis." Defendant Southwest's Opposition to Motion to Remand and Brief in Support, at 4 n.2 [Doc. No. 11]. Southwest instead attached "a copy

1

Because the Court finds that Southwest's removal is proper under the removal statute's plain text, the Court **DENIES** Serafini's motion to remand [Doc. No. 5].

## I.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[2] The relevant federal statute allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[3] Because depriving a state court of an action properly before it raises significant federalism concerns, the removal statute should "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand."[4]

In cases removed under diversity jurisdiction, there is an additional statutory limitation on removal—the forum-defendant rule. The forum-defendant rule provides that "[a] civil action otherwise removable solely on the basis of [diversity

---

of the state court case docket as printed from the Dallas County, Texas Courts Portal, rather than a certified copy of the docket." *Id.* Then, the next day, Southwest "filed an electronic request for a certified copy of the docket," which it received and filed with the Court on March 31, 2020. *Id.* Serafini did not address Southwest's explanation in her reply. The Court holds that Southwest's efforts to obtain and file a certified copy of the state-court docket during the COVID-19 crisis were in sufficient compliance with the Court's local rules.

[2] *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[3] 28 U.S.C. § 1441(a).

[4] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). *But see Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) ("It is true, as Texas Brine points out, that we strictly construe the removal statute and favor remand. Here, though, we do not have any doubt about the propriety of removal because, as discussed, the text is unambiguous. So the rule in *Gasch* does not apply." (citations and quotation marks omitted)).

jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[5]

As is the case with most rules, the forum-defendant rule has an exception—snap removal. Snap removal is a litigation tactic that owes its existence to automated docket-monitoring services (or, sometimes, litigants that serve press releases before process). It allows a state-court defendant to circumvent the forum-defendant rule by removing cases to federal court on diversity grounds almost immediately after a plaintiff files in state court but before the plaintiff formally serves the defendant. Because snap removal is relatively novel, it has received little treatment in this Court and no attention from the United States Court of Appeals for the Fifth Circuit until this year.[6]

After Serafini moved to remand, the Fifth Circuit considered snap removal for the first time in *Texas Brine Company, LLC v. American Arbitration Association, Inc.*[7]

---

[5] 28 U.S.C. § 1441(b)(2).

[6] *See, e.g.*, *Breitweiser v, Chesapeake Energy Corp.*, 2015 WL 6322625, at *2–3 (N.D. Tex. Oct. 20, 2015) (Boyle, J.) (finding snap removal to be proper because "[i]n the absence of additional congressional guidance or an absurd result, courts must apply the statute's plain language"); *Carrs v. AVO Corp.*, 2012 WL 1945629, at *3 (N.D. Tex. May 30, 2012) (Lindsay, J.) (finding snap removal to be proper because the "court has no business substituting its judgment for that of Congress when the plain language of the statute compels only one conclusion, namely, that reached herein by the court").

[7] 955 F.3d 482 (5th Cir. 2020). The *Texas Brine* court mentions that "we have not yet had opportunity to address the 'snap removal' issue[.]" *Id.* at 485.

In *Texas Brine*, the question before the Fifth Circuit was "whether the forum-defendant rule prohibits a non-forum defendant from removing a case when a not-yet-served defendant is a citizen of the forum state." *Id.* The Fifth Circuit held that it does not. *Id.* at 487 ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be properly joined and served is a citizen of the forum state." (quotation marks omitted)). Now, this is not the specific issue before the Court in this case. But the Fifth Circuit's fresh analysis of the removal statute and the practice of snap removal is instructive for this Court's determination that the forum-defendant rule does not preclude a forum defendant from snap removing even when it is the sole defendant. Its holding is important for this Court in this case because the Fifth Circuit notes its agreement with a

In *Texas Brine*, the Fifth Circuit's analysis of the removal statute begins with the ordinary meaning of the statute's text, accounting for any absurdity in application.[8] First, the Fifth Circuit held that the statute's plain language unambiguously allows for snap removal.[9] Second, it held that the result of following the statute's plain language—allowing snap removal—is not absurd.[10]

As Serafini notes, *Texas Brine* involved a non-forum defendant engaging in snap removal while this case involves a forum defendant. But that is a distinction without a difference. Not long after the Fifth Circuit decided *Texas Brine*, a judge in the Southern District of Texas answered the precise question in this case: whether the removal statute allows a forum defendant to snap remove when it is the sole defendant. In *Latex Construction Company v. Nexus Gas Transmission, LLC*,[11] our sister court to the south denied the motion to remand and held:

> The plain language of § 1441(b)(2) does not limit snap removal to cases involving multiple defendants or require that a defendant have been served before effecting removal of a case from state court. Construing

---

comment from the United States Court of Appeals for the Second Circuit: "By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Id.* at 486 (quoting *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019)). "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law"—this is the precisely what this Court concludes here. *Id.*

[8] *See id.* at 486 ("[W]hen the plain language of a statute is unambiguous and does not lead to an absurd result, our inquiry begins and ends with the plain meaning of that language. We look for both plain meaning and absurdity." (quotation marks and citation omitted)).

[9] *See id.* at 487 ("Here, though, we do not have any doubt about the propriety of removal because, as discussed, the text is unambiguous." (quotation marks and citation omitted)).

[10] *Id.* at 486 ("In our view of reasonableness, snap removal is at least rational. Even if we believed that there was a 'drafter's failure to appreciate the effect of certain provisions,' such a flaw by itself does not constitute an absurdity." (citing ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 238 (2012)).

[11] 2020 WL 3962247 (S.D. Tex. July 13, 2020).

§ 1441(b)(2) to permit a resident of the forum state to snap remove a case before that defendant has been served with process, where that defendant it [sic] is the only named defendant, is not an absurd result.[12]

Obviously, *Latex Construction*'s holding does not bind this Court. But the Court finds the *Latex Construction* court's reasoning and holding to be correct and persuasive.

## II.

The question before this Court is whether the removal statute allows a forum defendant to snap remove when it is the sole defendant.[13] Serafini maintains that it does not, and she offers two arguments in support of her position: (1) "neither Fifth Circuit precedent nor any decision of this Court or its sister courts sitting in Texas has approved the kind of 'snap removal'—or removal of any kind, for that matter—by a forum defendant in defiance of the 'forum-defendant rule' set forth in 28 U.S.C. § 1441(b)"; and (2) "removal by an unserved forum defendant—particularly when it is the sole defendant—has been firmly rejected by Texas federal courts, requiring remand of this case."[14] Southwest responds that federal courts (including Texas federal courts) increasingly interpret the removal statute as allowing a forum defendant to snap remove when it is the sole defendant, and that service is not a prerequisite to removal.

---

[12] *Id.* at *6.

[13] Serafini says she does not question whether the statute allows a non-forum defendant to snap remove (a question the Fifth Circuit answered the affirmative in *Texas Brine*), but instead argues that Texas federal courts do not allow a forum defendant to do so when it is the sole defendant.

[14] Motion to Remand, at 1. In support of this point, Serafini adds that service can also take the form of an appearance in state court.

5

To resolve this dispute, as the Fifth Circuit did in *Texas Brine* and the Southern District of Texas did in *Latex Construction*, this Court begins with the ordinary meaning of the controlling statute's plain text. If the text is unambiguous, the Court's inquiry ends. If the text's meaning is ambiguous, the Court may consider the text's context. And if the context provides no clarity, the Court may use appropriate canons of interpretation.[15] Congress's legislative purpose is assumed to be accurately expressed by the statutory language's ordinary meaning.[16]

Without further ado, the Court turns to the statute's text. Title 28, Section 1441(b)(2) of the United States Code says that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[17] This statutory language comprising the forum-defendant rule is unambiguous: "it plainly provides that an action may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been

---

[15] *See* Brett M. Kavanaugh, *Fixing Statutory Interpretation*, 129 Harv. L. Rev. 2118, 2144 (2016) (suggesting that "statutory interpretation could proceed in a two-step process. First, courts could determine the best reading of the text of the statute by interpreting the words of the statute, taking account of the context of the whole statute, and applying any other appropriate semantic canons of construction. Second, once judges have arrived at the best reading of the text, they can apply—openly and honestly—any substantive canons (such as plain statement rules or the absurdity doctrine) that may justify departure from the text").

[16] *See Collins v. Mnuchin*, 938 F.3d 553, 569 (5th Cir. 2019) (en banc) ("The Supreme Court instructs that plain meaning comes first: 'Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.'" (quoting *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 252 (2004)).

[17] 28 U.S.C. § 1441(b)(2).

'*properly* joined and *served*.'"[18] Under the statute's plain language, Southwest could not have removed the case had it been properly joined and served at the time of removal.

But it is undisputed that at the time of removal Southwest had not been served. The question, then, is whether the removal statute requires at least one defendant (and, in cases like this, the only defendant) to be served or to make an appearance in state court before removing a case to federal court. The Court holds that it does not.

First, the removal statute's plain text does not expressly require service prior to removal. The relevant statute says:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[19]

The statute does not require a defendant to be served (or to appear) before it removes. The Court will not add requirements to the law that Congress could—but did not—include.

Second, in accordance with the statute's plain text, the Fifth Circuit also does not require service before removal. Specifically, the "Fifth Circuit's holding in *Delgado v. Shell Oil Company* makes clear that service of process is not an absolute

---

[18] *Gibbons*, 919 F.3d at 705 (emphasis original) (quoting 28 U.S.C. § 1441(b)(2)).

[19] 28 U.S.C. § 1446(b) (emphasis added).

prerequisite to removal."[20] The *Delgado* court said, "[w]e read § 1446(b) and its 'through service or otherwise' language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served."[21] As the *Latex Construction* court succinctly summed up, "[s]ervice accordingly is not a condition precedent to removal and Plaintiff's argument to the contrary is rejected."[22]

Serafini also argues that the Fifth Circuit and Texas federal district courts have not approved or authorized a forum defendant's snap removal. Serafini is technically correct about the Fifth Circuit, but her argument doesn't take off. Although *Texas Brine* didn't specifically consider this issue, it did speak approvingly of it and its logic reasonably extends to it.[23] Second, the Southern District of Texas's

---

[20] *Latex Constr. Co.*, 2020 WL 3962247 at *4 (quotation marks and citation omitted).

[21] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (quoting 28 U.S.C. § 1446(b)). "Under Texas law, an action has commenced when a petition is filed." *Latex Constr. Co.*, 2020 WL 3962247 at *5 n.19 (citing TEX. R. CIV. P. 22).

[22] *Latex Constr. Co.*, 2020 WL 3962247 at *5. Serafini claims "[t]his Court has, on more than one occasion, held that 28 U.S.C. 1441(b)'s 'plain language requires that at least one defendant to have been served before removal is appropriate.'" Motion to Remand, at 5 (quoting *Breitweiser*, 2015 WL 6322625, at *5). But what Serafini fails to mention is that Judge Boyle, the author of the *Breitweiser* opinion, later clarified that "this statement was dicta—in *Breitweiser*, the non-forum defendant had answered in state court and thus was considered served for purposes of the removal statute. Thus, the Court never had the reason to discuss *Delgado* and related cases[.]" *Perez v. ZTE (USA), Inc.*, 2019 WL 1429654 at *3 (N.D. Tex. Mar. 29, 2019) (Boyle, J.) (citations omitted). Curiously, Serafini does not attempt to reconcile her cited case law with *Delgado*. Notably, she doesn't even reference *Delgado* in either her motion to remand or her reply in support of it.

[23] Yes, *Texas Brine* addressed a *non-forum* defendant's snap removal. And yes, the *Texas Brine* opinion contains dicta such as, "[o]f some importance, the removing party is not a forum defendant. Diversity jurisdiction and removal exist to protect out-of-state defendants from in-state prejudices." *Texas Brine*, 955 F.3d at 487. But this non-binding comment does not supplant the removal statute's plain text. In fact, the "Fifth Circuit referenced with approval the Third Circuit's reasoning in *Encompass* that a plain reading of § 1441(b)(2) allowing for snap removal by a forum resident who is the sole defendant in the case 'gives meaning to each word and abides by the plain language.'" *Latex Constr. Co.*, 2020 WL 3962247, at *6 (citing *Texas Brine*, 955 F.3d at 486–87).

*Latex Construction* decision demonstrates it is possible and reasonable for this Court to conclude the same.

Serafini also argues that removal in this case would violate the removal statue's congressional purpose and lead to an absurd result. But allowing a sole defendant that happens to be a forum defendant to remove a case before being served does not rise to the level of absurdity. To constitute absurdity, a result must be not merely odd but preposterous—one that "no reasonable person could intend."[24] As the *Latex Construction* court showed, the result here is none of those things. And even if this Court were inclined to go beyond the statute's unambiguous text in search of a policy justification to support departing from the text, our parent appellate court grounds that plane. As the *Latex Construction* court observed, in *Texas Brine* the Fifth Circuit held

> that applying § 1441(b)(2) to allow snap removal by a non-forum defendant was "at least rational" and was not an absurd result. *Texas Brine*, 955 F.3d at 486. Although the Fifth Circuit explained that diversity jurisdiction and removal "exist to protect out-of-state defendants from in-state prejudices" and it was "[o]f some importance that the removing party [was] not a forum defendant," the Fifth Circuit relied on cases allowing for snap removal by a forum defendant, including a case in which the removing party was the sole defendant. *Texas Brine*, 955 F.3d at 486 (citing *Encompass*, 902 F.3d at 153); *see also Gibbons*, 919 F.3d at 706. The Fifth Circuit referenced with approval the Third Circuit's reasoning in *Encompass* that a plain reading of § 1441(b)(2) allowing for snap removal by a forum resident who is the sole defendant in the case "gives meaning to each word and abides by the plain language." *Texas Brine*, 955 F.3d at 486–87 (citing *Encompass*, 902 F.3d at 153).[25]

---

[24] SCALIA & GARNER, *supra*, 237.

[25] *Latex Constr. Co.*, 2020 WL3962247, at *6.

Extending the *Texas Brine* reasoning as the *Latex Construction* court did, this Court also holds that "[t]he plain language of § 1441(b)(2) does not limit snap removal to cases involving multiple defendants or require that a defendant have been served before effecting removal of a case from state court."[26] Under the statute's plain text, a forum defendant may engage in snap removal when it is the sole defendant. Therefore, Southwest's removal was proper. In the statute's words, the case was "otherwise removable," because this Court has original jurisdiction of a case originally filed in Texas state court in which the parties are diverse.[27]

Perhaps Congress did not intend for this result. If Congress wanted to limit a forum defendant's ability to engage in snap removal when it is the sole defendant, it could have done so. And it still can do so. But this Court is not in the business of reading Congress's 535 minds, editing its legislation, or lobbying for preferred policy outcomes in contravention of what a duly enacted statute allows or requires. This Court's sole duty is to read, interpret, and apply the words of the law.[28]

---

[26] *Id.*

[27] 28 U.S.C. §§ 1441(a)–(b). *See, e.g., Texas Brine*, 955 F.3d at 486 ("When the [defendant] filed its notice of removal, the case was 'otherwise removable'—as required by Section 1441(b)—because the district court has original jurisdiction of a case initially filed in Louisiana state court in which the parties are diverse.").

[28] *See Collins*, 938 F.3d at 569 ("The Supreme Court instructs that plain meaning comes first: 'Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.' (quoting *Engine Mfrs. Ass'n*, 541 U.S. at 252)).

10

III.

The Court concludes that Southwest's removal was proper under the law. And so it **DENIES** Serafini's motion to remand. The parties will proceed in federal court. Welcome aboard.

**IT IS SO ORDERED** this 8th day of September 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

11